FILED'09 FEB 02 15:32 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LARRY R. ARGUIJO,                              07-CV-1908-BR

         Plaintiff,
                                               OPINION AND ORDER
v.

G. DENNIS, DAVID POWELL, DON
MILLS, and COLETTE PETERS,

         Defendants.


LARRY R. ARGUIJO
#12040581
Oregon State Correctional Institution
3405 Deer Park Drive
Salem, OR 97310

         Attorney for Plaintiff

JOHN KROGER
Attorney General
JACQUELINE SADKER
Assistant Attorney General
State of Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

         Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#24). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

Plaintiff Larry R. Arguijo, an inmate at Oregon State Correctional Institution (OSCI), received notice of his disciplinary hearing on January 16, 2007, and his hearing took place on January 18, 2007. The notice informed Plaintiff that he had the right to testify at his hearing, to request an investigation, and to call witnesses. The notice provided Plaintiff with information about the evidence that Defendants relied on and the reasons for the disciplinary hearing. The notice also informed Plaintiff that if he wanted to call witnesses, he had to submit his request in writing to the hearings officer in advance of the hearing or, at a minimum, make a request for witnesses to the hearings officer at the time of the hearing. The request had to include the name of the person Plaintiff wished to call and the questions to be asked.

Plaintiff testified at his hearing, but he did not request any witnesses before or during the hearing. On January 18, 2007, the hearings officer issued a written decision informing Plaintiff of his findings of fact and conclusions. After the

2 - OPINION AND ORDER

hearing, Plaintiff requested a witness in the context of his request for administrative review of the decision of the hearings officer. In his request, Plaintiff merely asserted he had "a witness" who would "testify on [his] behalf."

On December 28, 2007, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 alleging Defendants violated (1) his right to due process under the Fourteenth Amendment to the United States Constitution, (2) his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and (3) his right to petition for redress of grievances under the First Amendment to the United States Constitution with respect to a disciplinary hearing and sanction occurring in January 2007. Plaintiff seeks damages.

On September 9, 2008, Defendants filed a Motion for Summary Judgment as to all of Plaintiff's claims.[1]

**STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material

---

[1] On March 13, 2008, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit evidence in opposition to any motion for summary judgment, summary judgment would be entered against him if it was appropriate.

3 - OPINION AND ORDER

fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149

(9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## DISCUSSION

Defendants move for summary judgment as to all of Plaintiff's claims on the grounds that they lack merit and that, in any event, Defendants are entitled to qualified immunity.

**I.    Defendants did not violate Plaintiff's rights to procedural due process under the Fourteenth Amendment to the United States Constitution.**

Plaintiff asserts Defendants violated his right to procedural due process as to his January 2007 disciplinary hearing when they denied his post-hearing request to call witnesses and his request for an investigation. Defendants, in turn, assert Plaintiff has not shown that Defendants violated his rights to due process with respect to the January 2007 disciplinary hearing.

In *Wolff v. McDonnell*, the Supreme Court set out the basic procedural due-process guarantees in the context of prison disciplinary hearings. 418 U.S. 539, 563-72 (1974). The Ninth Circuit summarized the *Wolff* requirements as follows:

5 - OPINION AND ORDER

> *Wolff* established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.*, 418 U.S. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570. The Court specifically held that the Due Process Clause does not require that prisons allow inmates to cross-examine their accusers, *id.* at 567-68, nor does it give rise to a right to counsel in the proceedings, *id.* at 569-70.

*Walker v. Sumner,* 14 F.3d 1415, 1420 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 482 (1995).

As noted, Plaintiff did not request any witnesses before or during the hearing. On January 18, 2007, the hearings officer issued a written decision informing Plaintiff of his findings of fact and conclusions. After the hearing, Plaintiff requested to have a witness testify in the context of his request for

6 - OPINION AND ORDER

administrative review of the decision of the hearings officer. In his request, Plaintiff merely asserted he had "a witness" who would "testify on [his] behalf"; *i.e.*, Plaintiff did not make his request for a witness before or during the hearing nor did he include the name of the person nor the questions to be asked as required.

On this record, the Court concludes Defendants complied with the due-process requirements set out in *Wolff* and, therefore, did not violate Plaintiff's procedural due-process rights when they refused to allow Plaintiff to present a witness after the hearing.

As to Plaintiff's claim that he was denied procedural due process because Defendants denied his request for a further investigation, *Wolff* does not require prison officials to conduct an additional investigation at the request of an inmate. Defendants' denial of Plaintiff's request for further investigation, therefore, did not violate Plaintiff's procedural due-process rights. See *Anthony v. County of Multnomah*, No. CV 04-229-MO, 2006 WL 278193, at *3 (D. Or. Feb. 3, 2006)(an inmate is not entitled to investigation by a third-party or to an investigation conducted in a particular manner under *Wolff*). See also *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (inmates do not have any "federal due process right to a prehearing investigation"); *Brown v. Frey*, 889 F.2d 159, 170-71

7 - OPINION AND ORDER

(8th Cir. 1989)(there is "no clear constitutional right to an 'adequate investigation'" in the context of prison disciplinary proceedings).

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim for violation of his procedural due-process rights.

### II.  Defendants did not violate Plaintiff's rights to substantive due process under the Fourteenth Amendment to the United States Constitution.

Claims under the Eighth Amendment challenge prison officials' duty to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Claims alleging violations of substantive due process, however, challenge allegedly "arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)(quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

Although Plaintiff characterizes his claim that Defendants did not have sufficient evidence to support the imposition of discipline as a claim for violation of his right to be free from cruel and unusual punishment under the Eighth Amendment, the substance of his claim suggests it is actually one for violation of his substantive due-process rights under the Fourteenth Amendment; in other words, Plaintiff challenges the disciplinary process rather than the conditions of his confinement. The

8 - OPINION AND ORDER

Court, therefore, analyzes Plaintiff's claim that Defendants did not have sufficient evidence to impose discipline as a claim for violation of Plaintiff's substantive due-process rights under the Fourteenth Amendment to the United States Constitution.

In *Superintendent v. Hill*, the Supreme Court concluded substantive due process requires only that prison officials have "some evidence" to support the disciplinary action. 472 U.S. 445, 454 (1985). The Ninth Circuit explained, "Under *Hill*, we do not examine the entire record, independently assess witness credibility, or reweigh the evidence; rather, 'the relevant question is whether there is any evidence in the record that could support the conclusion.'" *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003)(quoting *Wolff,* 472 U.S. at 455-56). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Wolff*, 472 U.S. at 456.

Here Defendants concluded Plaintiff committed assault. They did so based on the report of Officer Greg Dennis in which he stated he saw Plaintiff kicking the head and body of another inmate who was curled up against the fence. Def.'s Ex. 2. Officer Dennis reported he ordered Plaintiff to stop fighting and to move away. Plaintiff complied and was escorted to the Disciplinary Segregation Unit. The report of Officer Dennis

9 - OPINION AND ORDER

constitutes "some evidence" and provides "some basis in fact" for Defendants' conclusion that Plaintiff committed assault. The Court, therefore, finds Defendants did not violate Plaintiff's substantive due-process rights when they concluded Plaintiff committed assault and imposed sanctions.

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's substantive due-process claim.

### III. Defendants did not violate Plaintiff's right to petition for the redress of grievances under the First Amendment to the United States Constitution.

Plaintiff alleges Defendants violated his right to petition for the redress of grievances under the First Amendment to the United States Constitution.

Defendants move for summary judgment on the ground that Plaintiff does not allege facts that give rise to a claim for denial of his right to petition for the redress of grievances because it is undisputed that Plaintiff petitioned for redress of his grievances through the prison grievance system.

"[P]risoners have a First Amendment right to petition the government for a redress of grievances and have a First Amendment right to file prison grievances." *James v. Scribner*, No. CV 1-07-880-RCC, 2009 WL 112770, at *4 (E.D. Cal. Jan. 16, 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005)).

As noted, Plaintiff grieved the results of his disciplinary hearing. Even though Plaintiff's grievance was denied, he was

not prevented from using the available grievance process to challenge his sanction.  The Court, therefore, concludes Defendants did not deny Plaintiff his right to petition for the redress of grievances under the First Amendment to the United States Constitution.

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim under the First Amendment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (#24) and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 2nd day of February, 2009.

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER